572 F.Supp. 474 (1983)
ARUNDALE, INC., Plaintiff,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant.
No. 83-359C(2).
United States District Court, E.D. Missouri.
September 15, 1983.
Mark T. Keaney, St. Louis, Mo., for plaintiff.
Gerre S. Langston, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on motions for summary judgment filed by both parties. In support of their motions, the parties have filed memoranda of law, affidavits, and exhibits.
Plaintiff brings this diversity action alleging that defendant breached its contractual obligation to defend and indemnify plaintiff in relation to a retaliatory discharge action brought against plaintiff by one of plaintiff's former employees. Plaintiff alleges that because of defendant's breach, it was required to expend the sum of $45,000 in a good faith settlement of the former employee's claim. Plaintiff also alleges that defendant's refusal was without reasonable cause or excuse and that, therefore, plaintiff is entitled to the additional *475 sum of $4,650 pursuant to Section 375.420, Mo.Rev.Stat.
Defendant argues that under the provisions of the contract between the parties, it was not obligated to defend and indemnify plaintiff in relation to plaintiff's former employee's action.
Plaintiff's former employee's action was based upon Section 287.780, Mo.Rev. Stat., which provides:
No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.
The pertinent portion of the insurance policy between plaintiff and defendant provides that defendant agrees with plaintiff "[t]o pay promptly when due all compensation and other benefits required of [plaintiff] by the workmen's compensation law."
The sole question presented to the Court, therefore, is whether the phrase "other benefits" required of the insured by the workers compensation law was intended to include an amount paid by plaintiff to a former employee in a good faith settlement of the former employee's claim under Section 287.780 of the Missouri Revised Statutes.
Missouri law provides that the terms of an insurance contract "must be seen as a whole and the conclusions arrived at should afford the contract a reasonable interpretation consistent with the apparent object and intent of the parties thereto." Insurance Company of the State of Pennsylvania v. West Plains Air, Inc., 637 S.W.2d 444, 446 (Mo.Ct.App.1982).
After considering the insurance contract in question "as a whole," the Court finds that the parties did not intend the contract in question to cover the amount paid by plaintiff to its former employee in settlement of the former employee's retaliatory discharge claim.
Although not pointed to by the parties, Section IV of the policy entitled "Application of Policy" provides that:
[T]his policy applies only to injury (1) by accident occurring during the policy period, or (2) by disease caused or aggravated by exposure of which the last day of the last exposure, in the employment of the insured, to conditions causing the disease occurs during the policy period.
It is evident that plaintiff's former employee's claim was not for an injury caused by "accident" or by "disease" but for harm caused by plaintiff's allegedly intentional retaliatory conduct. The Court finds, therefore, that the terms of the policy do not provide for coverage in such circumstances.
Additionally, the Court finds that interpretation of the policy in the manner argued for by plaintiff would contravene an important public policy. Section 287.780 was enacted to discourage employers from retaliating against their employees for exercising their rights under the Missouri Worker's Compensation Law. To interpret this policy as providing coverage against such intentional misconduct would substantially undermine the purpose behind Section 287.780.
For the foregoing reasons,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be and is DENIED.
IT IS FURTHER ORDERED that defendant's motion for summary judgment be and is GRANTED.
IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED with prejudice.